PFISTER, Respondent, v. SIME et al, Appellants.

(190 N. W. 885.)

(File No. 5091.   Opinion filed November 28, 1922.)

1.  **Vendor and Purchaser—Pleadings—Specific Performance—Complaint in Statutory Action for Foreclosure of Defendant's Right Under Contract to Sell Land- Not Action for Specific Performance.**

    Complaint in an action for a foreclosure of purchaser's right under contract held to state cause of action under Rev. Code 1919, Secs. 2914, 2915, so that the action was not in effect one for specific performance, and therefore the complaint was not demurrable for failure to allege plaintiff's performance of all conditions precedent in the contract, in view of section 2915.

2.  **Vendor and Purchaser—Election of Remedies—Statute Providing for action to Foreclose Rights Under Realty Contract Not Limitation upon Plaintiff.**

    Rev. Code 1919, Sec. 2917, providing that the action permitted by sections 2914, 2915, for foreclosing defendant's right under contract to purchase realty, "shall not be treated or construed as exclusive of any other remedy authorized by law, but as cumulative merely," is not intended as limitation of plaintiff's right to elect to proceed under the statute.

Appeal from Circuit Court, Moody County; HON. L. L. FLEEGER, Judge.

Action by L. M. Pfister against 'Andrew T. Sime and others. From an order overruling demurrer to complaint, defendants appeal. Affirmed.

*Frederick A. Warren,* of 'Flandreau, and *Olaf Eidem,* of Brookings, for Appellants.

*Rice & Rice,* of Flandreau, for 'Respondent.

SMITH, J. Defendants' demurrer to the complaint for want of facts was overruled, and they appeal.

[1] The complaint alleges that on the 23d day of March, 1920, plaintiff was the owner of certain lots in the city of Flandreau; that on that day plaintiff entered into a contract with defendant Sime, whereby plaintiff agreed to sell and the defendant Sime agreed to purchase said lots; that by the terms of said contract the purchase price, $6,500, was to be paid as follows: $200 at or before the execution of the contract; $1,300 on the 1st day of April 1920; $1,000 on the 1st day of April, 1921; and $1,000 annually the 1st day of April each year thereafter until the purchase price was fully paid, with interest at the rate of 8 per cent per annum, payable annually, on the sum remaining unpaid from time to time, purchaser to pay all taxes, assessments, or impositions legally levied on the land subsequent to the year 1919; plaintiff to furnish an abstract of title to the property showing a marketable title clear of all liens and incumbrances as soon after April 1, 1920, as possible to obtain same; second party to keep the buildings insured for the benefit of the first party; deed to be given when $3,500 had been paid on the contract, and first mortgage to be taken back to secure the balance of the purchase price.

The plaintiff further alleges that she is able and willing to perform all terms and conditions in said contract by her to be performed, and now offers to keep and perform each and every part of said contract, and to comply with all the conditions thereof; that defendants have neglected, failed, and refused to keep said contract on their part, and have repudiated the same; that payments of $200 and $1,300 have been made on said contract, and no more; that defendants Warren and Bates claim to have some interest in the contract, but that such interest, if any, was obtained through and is subordinate to the contract with defend-

ant Sime. Plaintiff demands strict foreclosure of the contract; that the court by its decree find the amount due and owing by the defendants, or either of them, to plaintiff, and fix a time within which said payments may be made, and, if not paid within the time so fixed, that all right, title, and interest of defendants, and each of them, be forever barred and foreclosed, and the plaintiff have possession of the property.

Appellant's contention is that the action is, in effect, for specific performance of the contract; that the complaint is insufficient in that it fails to allege performance of all conditions precedent in the contract, and, specifically, that the complaint fails to allege that plaintiff has furnished an abstract of title showing marketable title in her, clear of all liens and incumbrances, as soon after April 1, 1920, as it was possible to obtain same, and that the allegation that plaintiff is able and willing and offers to comply with the conditions of the contract is not sufficient to entitle plaintiff to any relief whatever.

Respondent, however, contends that the action is not for specific performance, but was brought under sections 2914-2916, R. C. 1919, and we think the allegations of the complaint sustain respondent's contention. Section 2914 provides that:

"Whenever default has occurred in the performance of any of the terms and conditions of an executory contract for the sale or exchange of real property, an action may be brought in the circuit court of the county in which such property is situated for a foreclosure of all rights under such contract asserted adversely to the plaintiff in such action, and upon the trial thereof the court shall have power to and by its decree shall fix the time within which the party or parties in default must comply with the terms of such contract on his or their part, which time shall be not less than ten days from the rendition of such decree, and unless the parties against whom such decree is rendered shall fully comply therewith within the time specified, such decree shall be and become final without further order of the court, and all rights asserted under the contract sued on shall thereupon be forever barred and foreclosed."

Section 2915:

"The court in such actions shall have the power to equitably adjust the rights of all the parties thereto, but it shall not be nec-

essary in such actions, to entitle the plaintiff to a decree, that proof be made on the trial of an offer or tender of performance, where such offer is made in the complaint and the proof shows that the plaintiff is able and willing to fully perform the terms of the contract sought to be foreclosed, at the time of trial."

[2]    Section 2917, which provides that "this article shall not be treated or construed as exclusive of any other remedy authorized by law, but as cumulative merely," is not intended as a limitation upon the right of plaintiff to elect to proceed under the statute quoted, and section 2915 provides that "it shall not be necessary in such actions, to entitle the plaintiff to a decree, that proof be made on the trial of an offer or tender of performance, where such offer is made in the complaint and the proof shows that the plaintiff is able and willing to fully perform the terms of the contract sought to be foreclosed at the time of trial."

We are of the view that the complaint states facts sufficient to entitle plaintiff to the remedy provided under these sections of the Code.    The order overruling the demurrer to the complaint is therefore affirmed.

Note—Reported in 190 N. W. 885.    See American Key-Numbered Digest, (1) Vendor and Purchaser, Key-No. 299(3), 1924 Ann. to 39 Cyc. 1896; (2) Vendor and Purchaser, Key-No. 299(1), 1924 Ann. to 39 Cyc. 1896.